J-S43011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA JEROME WALKER | |
| Appellant | No. 1425 WDA 2016 |

Appeal from the Judgment of Sentence Entered August 24, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000691-2015

BEFORE:  STABILE, SOLANO,  and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 18, 2017**

Appellant Joshua Jerome Walker appeals from the August 24, 2016 judgment of sentence entered in the Court of Common Pleas of Erie County ("trial court"), following his jury convictions for third-degree murder and aggravated assault.  Upon review, we affirm.

On October 6, 2014, the Erie Police Department charged Appellant with, among other things, criminal homicide and aggravated assault in connection with the killing of David McLendon, who was discovered in a prone position on a sidewalk in Erie.  This case proceeded to a jury trial, following which Appellant was convicted of the above-mentioned crimes.  On August 24, 2016, the trial court sentenced Appellant to 240 to 480 months'

_____

[*] Former Justice specially assigned to the Superior Court.

imprisonment for his conviction for third-degree murder.[1] Appellant did not file any post-sentence motions. On September 19, 2016, Appellant appealed to this Court. At the trial court's behest, Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises two issues for our review:

[I.] Did the trial court commit an abuse of discretion or error of law when it failed to give a voluntary manslaughter instruction to the jury?

[II.] Did the trial court err when it permitted the prosecutor to argue in closing that Appellant had money in his possession, and money was a motive for the killing, when the court granted a judgment of acquittal as to robbery and theft when the Commonwealth rested its case?

Appellant's Brief at 6.

After careful review of the record and the relevant case law, we conclude that the trial court accurately and thoroughly addressed Appellant's claims. *See* Trial Court Opinion, 12/13/16, at 1-4. In so doing, the trial court correctly concluded that Appellant failed to preserve his claims for appeal. Specifically, he did not object to the trial court's failure to give a charge of voluntary manslaughter,[2] or the Commonwealth's closing

---

[1] The trial court did not impose an additional penalty for aggravated assault as it merged with third-degree murder.

[2] Our review of the trial transcript reveals that Appellant not only failed to request a charge of voluntary manslaughter at trial, but that his trial counsel specifically asked the trial court not to "include that instruction." N.T. Trial, 5/27/16, at 2-3.

argument.[3]   Accordingly, we affirm Appellant's August 24, 2016 judgment of sentence.   We further direct that a copy of the trial court's December 13, 2016 opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017

_____

[3]   The record reveals that Appellant waived a challenge to the Commonwealth's closing argument by failing to make a timely objection, or requesting a curative instruction. **See Commonwealth v. May**, 31 A.3d 668, 673 (Pa. 2011) (citing Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")); **see also** Pa.R.E. 103(a) (party may claim error in admission of evidence only when party makes a timely objection); Pa.R.Crim.P. 605(B) ("When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial, the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity."); **Commonwealth v. Szakal**, 50 A.3d 210, 219 (Pa. Super. 2012).

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF ERIE COUNTY, PENNSYLVANIA
2016 DEC 13 PM 4: 12 : CRIMINAL DIVISION
:
JOSHUA J. WALKER ERIE COUNTY :
CLERK OF COURTS :
ERIE, PA 16501 : NO. 691 OF 2015

## OPINION

Appellant, Joshua Walker, filed a Notice of Appeal on September 19, 2016, from the judgment of sentence imposed on August 24, 2016. On October 18, the Court extended the deadline for the Statement of Matters Complained of on Appeal ("Concise Statement") to 20 days after the transcripts were filed. This Opinion is in response to the Concise Statement filed November 21, 2016.

## BACKGROUND

After a jury trial which concluded on May 27, 2016, Appellant was found guilty of Murder of the Third Degree and Aggravated Assault; and not guilty of Possessing an Instrument of Crime.[1] On August 24, 2016, Appellant was sentenced to 240 to 480 months for Third Degree Murder. The Aggravated Assault conviction was merged for purposes of sentencing.

On September 19, 2016, Appellant filed a Notice of Appeal to the Superior Court. Appellant argues error in failing to instruct the jury on voluntary manslaughter and in permitting the prosecutor to mention the facts relating to robbery and possession of stolen money charges which were dismissed at the conclusion of the Commonwealth's case.

## DISCUSSION

Both of Appellant's arguments must be dismissed for failure to preserve the issues by timely objections during the trial. Moreover, the claims are meritless.

---

[1] 18 Pa.C.S.A. §2502(c); 18 Pa.C.S.A. §2702(a)(1); 18 Pa.C.S.A. §907(a), respectively.

1

A-4

## A. Jury Instruction on Voluntary Manslaughter

Appellant's failure to request a jury instruction on voluntary manslaughter or object to its omission is fatal to his claim of error. *See Commonwealth v. Garang*, 9 A.3d 237, 245 (Pa.Super. 2010); *Commonwealth v. Pressley*, 887 A.2d 220, 224 (Pa. 2005). Pa. R. Crim. P. 647(C) states that "No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Here, the failure of Appellant to request a voluntary manslaughter jury instruction or to object when there was no instruction given means his claim is waived.

Assuming *arguendo* the claim is not waived, it is meritless. There was no factual basis for arguing voluntary manslaughter since the Appellant testified he was not present at the homicide scene and he did not kill the victim. The possibility of an instruction on voluntary manslaughter was discussed and considered prior to closing arguments:

> THE COURT: I was looking over the definition of voluntary manslaughter. I'm not sure there's any factual predicate give your – the fact you client was denying he was there.
> MR. DEL DUCA: I was thinking the same thing…
>
> …
> THE COURT: The element basically says there's no malice, but you killed – you had intent to kill him, but it also speaks in the heat of passion or some provocation. There's no evidence of that in this case. There's no evidence – I mean, he's denying he was there.
> MR. DEL DUCA: Also, again, my thoughts as an officer of the court is – would be that the evidence was that the evening in question, actually, they were getting along wonderfully.
> THE COURT: But I think it's, according to his testimony, he was my buddy why would I kill him.
> MR. DEL DUCA: Yes sir, Judge. I would say based upon that, I would ask you to not include that instruction.
> *Trial Transcript, Trial Day 5, May 27, 2016, pp. 2-3.*

Appellant's counsel agreed there was no factual basis to request a jury instruction on voluntary manslaughter. Appellant testified the victim was a longtime, close friend of his; they

2

A-5

were together having fun on the night in question; there was no dispute or argument between them; he had no reason to kill his close friend; and in fact, he was not present when the victim was killed, nor did he kill him. In sum, there was no evidence the Appellant killed the victim in a heat of passion or as a result of provocation. Accordingly, there was no evidentiary basis to give an instruction on voluntary manslaughter. It would have also been contrary to the Appellant's defense.

## B. District Attorney's Closing Statement

Appellant must timely object to a prosecutor's closing argument and place the challenged remarks on the record with "sufficient illumination... so an appellate court could make an intelligent judgment as to the nature and possible effect of the comments." *Commonwealth v. Leymeister,* 428 A.2d 176, 178 (Pa.Super.1981). In the instant case, Appellant failed to raise any objection to the Commonwealth's closing argument until the Concise Statement was issued in this appeal. Therefore, the issue is waived.

Assuming *arguendo* the issue is not waived, it is meritless. Appellant now objects to the prosecution allegedly referring to the dismissed charge of robbery and the fact Appellant had money in his possession during closing argument. But, there was no reference to the charge of robbery or theft in the Commonwealth's closing statement. There was a discussion of money in the context of a possible motive for the murder:

> MR. BURNS: The first is the motive of money. As I said before, we don't have to prove motive, but there is ample evidence of motive and you may and should consider that. First, is money. What did Shawneah Parraway tell you about that situation? That he didn't have any money. He didn't have a job. He gambled. She had to give him money on occasion. The night of the murder, the electricity bill hadn't been paid. The electricity was shut off. Shawneah asked the defendant, can you give me half of the bill so I can pay it. His response, I don't have it. Dave, on the other hand, had a lot of money, according to Shawneah and Stephanie Huston. Plenty of money, big wads. Shawneah saw it, Stephanie Huston saw it. But by 3:30 the next morning, the defendant had money, which he gave to Shawneah.

Something had changed. Something had changed. So there's the motive of money.
*Trial Transcript, Trial Day 5, May 27, 2016, pp. 33-34.*

"A prosecutor must limit his statements to the facts in evidence and legitimate inferences therefrom." *Leymeister,* 428 A.2d 176 at 177 (internal citations omitted). The standard of review for a prosecutor's closing statement is as follows:

> In reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but rather, must be considered in the context in which they were made. Generally, comments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict. The initial determination whether the prosecutor's remarks were unfairly prejudicial rests within the sound discretion of the trial court and our [the Superior Court's] inquiry of necessity must turn to whether an abuse of discretion was committed.
> *Commonwealth v. Correa,* 664 A.2d 607, 609 (Pa.Super.1995) *(citing Commonwealth v. Jubilee,* 589 A.2d 1112, 1114 (Pa.1991) (citations omitted)).

Here, the prosecutor's remarks were limited to facts in evidence and the possible motive. The dismissed charges of robbery and receiving stolen property were not alluded to or mentioned by the prosecutor. The prosecutor's comments were not the type to create a fixed bias or hostility toward the defendant precluding the jury from rendering an objective verdict. Thus, even if the challenge were preserved, it lacks any arguable merit.

## CONCLUSION

Appellant's claims are waived due to the lack of preservation by counsel at trial and are also meritless.

BY THE COURT:

Date: 12/13/12

WILLIAM R. CUNNINGHAM, JUDGE

cc: District Attorney's Office
    Tina M. Fryling, 509 Sassafras St., Erie, PA 16507
    Joshua Walker, MR 1343, SCI Camp Hill, PO Box 200, Camp Hill, PA 17001

5

A-8